**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 24-cv-2277 |
| v. | ) ) | Judge Georgia N. Alexakis |
| SHEETS ENTERPRISES, INC., f/k/a RAPID INDUSTRIES, INC., a Kentucky corporation, | ) ) ) ) ) | Magistrate Judge Jeannice W. Appenteng |
| *Defendant*. | ) ) | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

NOW COME Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, trustee (collectively "Central States"), and hereby submit their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support, Central States states:

1.      Central States filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.*, to collect withdrawal liability from Defendant Sheets Enterprises ("Sheets Enterprises"). (Paragraph 1 of Plaintiffs' L.R. 56.1(a)(3) Statement of Material Facts ("SMF ¶ __").)1

---

1 After meeting and conferring, Plaintiffs were unable to secure Defendant's agreement to join in all material facts that Plaintiffs believe to be undisputed. Accordingly, the Plaintiffs submit both their own Statement of Material Facts, as well as a Joint Statement of Material Facts.

1

FV: 523330786 / 24415021 / 6/26/2026

2.      This Court has jurisdiction pursuant to ERISA §§ 502(e), 502(f), and 4301(c), 29 U.S.C. §§ 1132(e), 1132(f), 1451(c). Venue lies in this District under ERISA §§ 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2), 1451(d). (SMF ¶¶ 1–2.)

3.      The Pension Fund is a multiemployer pension plan within the meaning of ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37), 1301(a)(3). Plaintiff Charles A. Whobrey is a Trustee and fiduciary of the Pension Fund and serves as plan sponsor under ERISA § 4001(a)(10), 29 U.S.C. § 1301(a)(10). (SMF ¶¶ 3–4.)

4.      Defendant Sheets Enterprises, formerly known as Rapid Industries, Inc., is a corporation organized under the laws of the State of Kentucky. (SMF ¶ 6.)

5.      During all relevant times, Sheets Enterprises was bound by collective bargaining agreements with a local union affiliated with the International Brotherhood of Teamsters requiring it to make pension contributions on behalf of certain employees. (Paragraph 2 of Joint L.R. 56.1(a)(3) Statement of Material Facts ("JSMF ¶ __"); SMF ¶ 7.)

6.      On or about September 15, 2016, Sheets Enterprises permanently ceased covered operations and permanently ceased to have an obligation to contribute to the Pension Fund, thereby effecting a complete withdrawal within the meaning of 29 U.S.C. § 1383. (JSMF ¶ 3.)

7.      As a result of the withdrawal, the Pension Fund determined Sheets Enterprises incurred withdrawal liability to the Pension Fund in the principal amount of $675,539.59, as determined under 29 U.S.C. § 1381(b). (JSMF ¶ 10.)

8.      On or about November 16, 2023, the Pension Fund issued and Sheets Enterprises received a Notice and Demand for Payment of Withdrawal Liability pursuant to 29 U.S.C. §§ 1382(2) and 1399(b)(1). (JSMF ¶ 11; SMF ¶ 12.)

2

9. The Notice and Demand required Sheets Enterprises to discharge its liability in a lump sum payment of $675,539.59. (JSMF ¶ 11.)

10. To date, Sheets Enterprises has not paid any amounts towards the withdrawal liability. (JSMF ¶ 15.)

11. Sheets Enterprises did not timely request review of the withdrawal liability pursuant to 29 U.S.C. § 1399(b)(2)(A) or initiate arbitration and therefore has waived the right to initiate arbitration pursuant to 29 U.S.C. § 1401(b)(1) (JSMF ¶¶ 13-14.)

12. Consequently, the withdrawal liability demanded by the Pension Fund in the principal amount of $675,539.59 is due and owing pursuant to 29 U.S.C. § 1401(b)(1). *Tsareff v. ManWeb Servs., Inc.*, 794 F.3d 841, 848 (7th Cir. 2015).

13. There is no genuine dispute as to the material facts set forth above. Under 29 U.S.C. §§ 1399(c)(5) and 1401(b)(1), Central States is entitled to summary judgment as a matter of law under Federal Rule of Civil Procedure 56.

14. When a multiemployer plan prevails in an action under 29 U.S.C. § 1145 as incorporated by 29 U.S.C. § 1451(b), under 29 U.S.C. § 1132(g)(2), "the court shall award the plan" the following relief: the unpaid withdrawal liability, interest, damages of the greater of interest or liquidated damages as provided under the plan, not to exceed 20% of the principal delinquency, reasonable attorney's fees and costs, and such other relief as may be appropriate. If judgment for withdrawal liability is entered in the Pension Fund's favor, an award of the foregoing amounts is "mandatory" under 29 U.S.C. § 1132(g)(2). *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992).

15. Under the Pension Fund's Trust Agreement, the Pension Fund computes and charges interest on delinquent withdrawal liability at an annualized interest rate equal to two

3

percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, N.A. for the fifteenth (15th) day of the month for which interest is charged. (SMF ¶ 13.)

16. The Pension Fund's Trust Agreement provides for liquidated damages in the amount of the greater of interest on the delinquent withdrawal liability or up to 20% of the delinquent withdrawal liability. (SMF ¶ 14.)

17. Under the Pension Fund's Trust Agreement, the Pension Fund is entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, N.A. for the fifteenth day of the months for which the interest is charged, compounded annually. (SMF ¶ 15.)

18. In support of this Motion, Central States has filed herewith Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment and Joint Local Rule 56.1(a)(3) Statement of Material Facts.

**[Remainder of Page Intentionally Left Blank]**

FV: 523330786 / 24415021 / 6/26/2026

WHEREFORE, for the reasons set forth herein and in Plaintiffs' supporting Memorandum of Law, Central States respectfully requests that this Court enter summary judgment in its favor and against Defendant Sheets Enterprises for the withdrawal liability principal of $675,539.59, together with interest, the greater of interest or liquidated damages under 29 U.S.C. § 1132(g)(2), and reasonable attorneys' fees and costs. Upon entry of an order of the Court, Central States will submit an affidavit to establish the precise amounts of interest, damages, and fees.

Respectfully submitted,

/s/ Jennifer K. O'Rourke
Jennifer K. O'Rourke (6349608)
Daniel E. Sullivan (6330522)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-939-2323
jorourke@centralstatesfunds.org
dsullivan@centralstatesfunds.org

June 26, 2026

*ATTORNEYS FOR PLAINTIFFS*

FV: 523330786 / 24415021 / 6/26/2026